**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JOEL KENNETH PARKER,
#290281                                                                                                        PLAINTIFF

V.                                            3:09-cv-00113-JLH-JJV

PILOT TRUCK STOP CORP., *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the Findings and Recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the

hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

This matter is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 19, 50, 53).[1] Plaintiff has filed a Response in Opposition to the motions (Doc. No. 65).

Plaintiff is an inmate at the North Las Vegas Detention Center in North Las Vegas, Nevada. He filed this action against Defendants on July 29, 2009, alleging violations of his constitutional rights in connection with his allegedly unlawful arrest on January 8, 2006, in West Memphis, Arkansas. Plaintiff asks for monetary relief from the defendants.

### II. MOTIONS TO DISMISS

**A.  Defendants' Motions.** In their motions, Defendants ask the Court to dismiss this action as untimely, and barred by the applicable statute of limitations. Defendants state this action

---

[1] Defendants James Moore and E. Williams have never been served. By Order dated April 30, 2010, this Court notified plaintiff that Fed.R.Civ.P. 4(m) provides for a 120-day time limit for effecting service on a defendant, and that plaintiff would have one final opportunity in which to provide current addresses on these defendants within ten days of the date of the Order. The Court further stated that failure to provide such would result in their dismissal. Plaintiff responded and objected to the Court's Order, and asked for an extension of time in which to obtain service. Plaintiff stated because he is incarcerated in Las Vegas, Nevada, he is unable to obtain information about West Memphis, Arkansas. In addition, plaintiff stated he relied on service by the United States Marshal Service, and should not be penalized by it's failure to obtain service. Doc. No. 74

is governed by the state's three-year personal injury statute of limitations as set forth in ARK. CODE ANN. § 16-56-106.  Noting that Plaintiff does not deny the incident at issue occurred on January 8, 2006, Defendants state his filing of this complaint more than three years after that event is untimely.

      **B.**      **Plaintiff's Response.**  In response, Plaintiff states he filed this action pursuant to a federal statute, and no underlying issue of state law should control this litigation.  He further states the Defendant police officers, as public officials, are required by law to maintain the public trust, order and service, and that they breached certain ethical standards when they became involved in the violation of Plaintiff's constitutional rights.  Plaintiff then refers to the Defendants' actions as fraudulent in nature, as violating his due process rights, and as breaching a duty of care to protect Plaintiff's constitutional rights.  Based on this characterization, Plaintiff states the Arkansas five-year statute of limitations for claims for breach of a written contract, obligations, and duties should apply, citing ARK. CODE ANN. § 16-56-111 and *Glasscoe v. Howell*, 431 F.2d 863 (8th Cir. 1970).

**III.**      **ANALYSIS**

In *Wilson v. Garcia*, 471 U.S. 261 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-5 (2004), the United States Supreme Court concluded that the most appropriate statute of limitations for all actions filed pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state whose law is to be applied.  In Arkansas, that statute is the three-year statute of limitations set forth in ARK. CODE ANN. §16-56-105.  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001), where the court applied Arkansas' three-year statute of limitation to an action filed pursuant to 42 U.S.C. § 1983.

     The law as cited above is clear – that the personal injury statute of limitations is the best alternative available to actions filed pursuant to § 1983, and this Court disagrees with Plaintiff's characterization of this action as one of a breach of an underlying obligation, or contract.

Furthermore, the case relied upon by Plaintiff for this characterization – *Glasscoe v. Howell* – was overruled by the Supreme Court's holding in *Wilson v. Garcia*, *supra*. See *Kessel v. Schaff*, 697 F.Supp. 1102 (D.N.D. 1987), for an historical overview of the development of the statute of limitations for § 1983 actions. Therefore, the Court declines to apply the five-year statute of limitations to this case.

**IV.    CONCLUSION**

IT IS THEREFORE RECOMMENDED that Defendants' Motions to Dismiss (Doc. Nos. 19, 50, 53) be GRANTED, and that this action be DISMISSED with prejudice, as barred by the statute of limitations.[2]

DATED this 4th day of June, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] This dismissal also applies to Plaintiff's claims against the two Defendants who were not served, James Moore and E. Williams.