**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JOEL KENNETH PARKER,                                                 PLAINTIFF
#290281

v.                            No. 3:09CV00113 JLH-JJV

PILOT TRUCK STOP CORP., *et al.*                               DEFENDANTS

**ORDER**

      The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Joe J. Volpe and timely objections to the Proposed Findings and Recommendations by the plaintiff, Joel Kenneth Parker. The Court has conducted a *de novo* review of the record and hereby adopts the Proposed Findings and Recommendations in part.

      Joel Kenneth Parker brought this action pursuant to 42 U.S.C. § 1983. The Court had jurisdiction pursuant to 28 U.S.C. § 1331 because this action arose under the Constitution, laws, or treaties of the United States. In addition to his § 1983 claims, Parker alleged certain causes of action arising under the laws of the State of Arkansas.

      Judge Volpe recommended that the claims brought under 42 U.S.C. § 1983 be dismissed because they are barred by the statute of limitations. The Court hereby adopts that proposed finding and recommended disposition. The claims of Joel Kenneth Parker brought pursuant to 42 U.S.C. § 1983 are dismissed because those claims are barred by the statute of limitations.

      Parker has argued in his objections that a claim for malicious prosecution does not accrue until the underlying criminal action has terminated in favor of the party asserting malicious prosecution. He has attached to his objections orders showing that criminal proceedings against him in the District Court of West Memphis, Crittenden County, Arkansas, were dismissed on April 30,

2010, and a criminal proceeding against him in the Circuit Court of Crittenden County, Arkansas, was dismissed on June 2, 2010.

Parker's claims for malicious prosecution arise under state law. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857 (8th Cir. 2002). Having dismissed Parker's claims under § 1983, the Court must consider whether Parker has alleged facts to show diversity of citizenship jurisdiction under 28 U.S.C. § 1332 or whether the Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367. Rule 8(a)(1) provides that a pleading must contain a short and plain statement of the grounds for the Court's jurisdiction. Parker's complaint and amended complaint do not allege an amount in controversy, nor do they allege facts sufficient to show that the amount in controversy exceeds the minimum amount for diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Parker's state-law claims. *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).

For the reasons stated in Judge Volpe's Proposed Findings and Recommendations, Parker's claims under 42 U.S.C. § 1983 are dismissed with prejudice. Parker's claims arising under state law are dismissed without prejudice.

An appropriate Judgment shall accompany this Order.

IT IS SO ORDERED this 26th day of July, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE